It is insisted on behalf of the appellant, that the title of the defendant, which he seeks to have set aside and annulled, is void for want of jurisdiction in the Probate Court of Bexar county to order the sale.
To the order of sale of the March and April Terms, 1843, it is objected, that it was made on motion of the administrator, and not upon petition of any creditor, heir, legatee, or next friend of a ward, as provided in the Act of the 25th of February, 1843. (Hart. Dig. Art. 1067.) To the order of the March Term of the Court 1844, it is objected, that it was made after the administration had been closed, and the functions and powers of the administrator had ceased.
The Statute of 1843 does not prohibit the Probate Court *Page 193 
from ordering a sale of the property of the estate, on the petition, or application of the administrator. It only provides that he shall not be required to sell the property of the estate, or to render and settle his account, except upon application of a creditor, or some one of the persons mentioned in the Act. (Hart. Dig. Art. 1067.) The language of the Statute does not import an inhibition on the power of the Probate Court to order a sale, except upon such application. Nor could it have been intended, or contemplated, that the succession should be kept open indefinitely; and the administrator not be at liberty to obtain the necessary order for the sale of the property, or have settlement of his accounts, and finally close his administration, unless some of the persons mentioned in the Statute should see proper to make application to the Court for that purpose. No such consequence could have been intended; or could have entered the legislative mind in enacting this Statute. It was simply intended to remove the requisition upon the administrator, imposed by the Act of the 5th of February, 1840, by which it was made his duty to petition the Court for the sale of all the property of the estate, in a certain event, within a precribed period. (Hart. Dig. Art. 1023.) Under the Act of 1843, he was not required to petition the Court for a sale of property, as under the former Statute; but there was nothing to prevent him from applying for and obtaining an order for that purpose, when necessary for the payment of debts, or the settlement of the estate. This question was not necessarily involved in the decision of the case in Miller v. Miller, (10 Tex. R. 319,) on which counsel for the appellant rely, and was not decided by the Court in that case.
Nor did the Statute of 1843 require that the application to the Court for the sale of property should be by petition in writing. And the case, therefore, is not within the principle of the decision in Finch v. Edmonson, 9 Tex. R. 504. It has been assumed, generally, that a petition was necessary to give jurisdiction to the Probate Court to order a sale of the property *Page 194 
of deceased persons; or to call into exercise the jurisdiction of the Court over that subject matter. But the question has not been necessarily involved in the decision of any case; and has not been authoritatively decided. The case of Finch v. Edmonson was determined upon the particular provisions of the Act of 1846, and the sale was adjudged void on account of fraud, which is always a sufficient ground for setting aside sales, and annulling the most solemn act and judgments of Courts, whether of limited or general jurisdiction.
In the case of Tucker v. Harris, (13 Geo. R. 1,) the Supreme Court of Georgia held their Courts of Ordinary — constituted as our Courts of Probate are — Courts of general jurisdiction over testate and intestate estates; that their judgments relative to that subject matter, stand upon the same footing as the judgments of any other Court of general jurisdiction. "The jurisdiction being established," the Court says, "all presumptions must be made in favor of what does not appear. The Court having the right to decide upon the application; the purchaser is not bound to go behind the judgment of the Court."
The Court quote and approve the case of Duval's heirs v. McLoskey, (1 Ala. R. N. S. 708,) where, under a Statute of the State of Alabama, which required that the executor or administrator shall "file" a petition in open Court, prescribing what it shall contain, as the initiatory step towards obtaining an order for the sale of the real estate of the testator or intestate, the Supreme Court of that State held, that the order of sale could not be considered invalid, because the record did not show affirmatively that the petition was filed. As the Court went on to render its decree, the Court held, it could not be intended, from the absence of such a paper merely, that it was never filed; but the intendment most rational, would be that it was lost after the rendition of the order.
The Court also cite the case of Thompson v. Tolmie, (2 Peters' R. 165,) where the order of sale was under a Statute *Page 195 
which provided, that if all the parties were minors at the death of the intestate, the estate should not be sold till the oldest arrived of age; and the Supreme Court held, in effect, that in order to give the Court jurisdiction to order the sale, it was not necessary that it should appear affirmatively that one of the heirs had arrived of age; but sustained the jurisdiction because the contrary did not appear by the record. The Court said: "It is to be borne in mind that no such fact appears on the face of the proceedings." * * "And how can we say but that the Court had satisfactory evidence before it, that one of the heirs was of age ?"
Judge Lumpkin also cites the case of Kennedy v. Nachsmith, which, he says, was decided in the Supreme Court at Philadelphia, and makes the following quotation and observation upon the case: "The Court say `Beyond the decree, the purchaser is not bound to look. The inquiries upon ejectment are: was there an administrator and order to sell, such as would authorize the administrator to make sale ? was the sale fair?' If so the settled rule is, de fide et officio judicis, non recipiturquestio. And it is asserted that no sale in that State ever has been declared void in ejectment, against a purchaser bona fide, for any alleged irregularity in the Orphans' Court; or because the decree of the Court was founded on mistake."
The Georgia Court hold that the jurisdiction of the Orphans' Court existed potentially from the death of the testator or intestate; and they quote, upon this subject, the language of the Supreme Court of Pennsylvania, in the case of McPherson v. Cunliff, (11 Serg. Rawle, cited by us in Burdett v. Silsbee, 15 Tex. R. 617,) as follows: "The matter which gives the Orphans' Court jurisdiction, is the death of the owner in testate; for if administration were taken out on the effects of a living man, or of one who died testate, the administration itself would be void, and there could be no administrator to act — no party before the Court; consequetly all the proceedings would be null. Where an executor obtains payment *Page 196 
on a probate of a void will, without suit, it cannot be impeached, notwithstanding the probate was afterwards declared null — it being proved on the faith of the act of a judicial tribunal having competent jurisdiction. (Toll. Ex. 51.) The distinction in this respect is this: a probate of the will of a living person, or a letter of administration on his effects, where the person is dead, but left a will, is void,ipso facto, because there is no jurisdiction; but where the person is dead intestate, the Orphans' Court have power over his estate; and any one acting on the faith of their judicial acts will be protected." This, it will be seen, is in occordance with the opinion held by us in the case of Poor v. Boyce. (12 Tex. R. 440.)
It does not affirmatively appear by the record in this case, that the application was not made by a petition in writing. But if it did so appear, I apprehend it could not, on principle, be held to defeat the Probate Court of its jurisdiction to order the sale on the application of an administrator; nor could the purchaser be affected by the irregularity, if such it * was, in making the order. He was not required to look beyond the judgment of a Court of competent jurisdiction.
As respects the order of 1844, though there does* appear an entry in the minutes of a Court, of a former Term, that the administrator's final account be admitted and filed, and "he discharged "upon paying costs;" it is not an absolute and final settlement and discharge. The case, described by its title, thus: "No. 52, Estate of E. Alexander, deceased," was continued upon the docket of the Probate Court: the authority of the administrator continued to be recognized by the Court, until after the order, and report, and approval of the sale of 1844, and his final account of his administration thereafter rendered; and he was finally discharged upon paying costs; with which last order he complied. Notwithstanding the previous entry in the minutes, it was disregarded, and he went on to administer, and to close the administration, with the sanction of the *Page 197 
Probate Court as though it had not been made. It was disregarded by all parties; and it cannot be now invoked to annul the subsequent orders of the Court, and his acts thereafter done, in the due course of administration, and thereby defeat the title of a bona fide purchaser.
The present is a very different case from that of Hurt v. Horton. (12 Tex. R. 285.) There the property was legally sold, and the administration finally closed and settled. Nearly two years after the final settlement and discharge of the administrator, he again applied for and obtained a grant of administration on the estate, without showing any necessity for a renewal of his administration; and proceeded again to sell the same property to another purchaser. The first purchaser protested, but the Court proceeded, notwithstanding, to confirm the sale to the second purchaser. It was held, and rightly, that the estate having been fully administered, and closed, a second administration upon the same estate, and the same property, which had already been administered upon, was a nullity, and the second sale void. The present is a very different case. The estate was not fully administered, nor the administrator absolutely and finally discharged by the Court; but on the contrary he continued to act as administrator and the Court recognized and approved his acts as such. And upon the repeated decisions of this Court, it must be held, that, the order of sale and sale were effectual to pass the title to the purchaser. There is therefore no error in the judgment and it is affirmed.
 Judgment affirmed. *Page 440